UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THE TEN EYCK MINERAL TRUST,
BY C. ANDREW TEN EYCK, TRUSTEE

      Plaintiff,

v.                                        Case No. 1:14-CV-201

CHESAPEAKE ENERGY CORPORATION,
SILVER LAKE ENERGY, LLC, ENCANA
CORPORATION and ENCANA OIL &        HON. GORDON J. QUIST
GAS (USA) INC.,

      Defendants.
_____/

## ORDER DENYING MOTION FOR REASSIGNMENT OF CASE

Plaintiff, Ten Eyck Mineral Trust, filed a complaint in the instant action on February 18, 2014. On May 29, 2014, Defendants filed motions to dismiss Plaintiff's complaint, which are currently pending before the Court. On August 28, 2014—six months after filing the complaint and after the motions had been fully briefed—Plaintiff filed a motion to reassign the case to the Honorable Paul Maloney. Defendants oppose that motion.

In this district, cases are randomly assigned to judges when they are filed. LCivR 3.3.1. In certain limited circumstances, cases may be reassigned to a different judge. LCivR 3.3.2. One such circumstance involves "cognate cases," which are defined as those "involving the same or similar questions of fact or law such that their assignment to a single judge is likely to effect a substantial savings of judicial effort and to avoid wasteful and duplicative proceedings for the court and the parties." LCivR 3.3.2(c).

Plaintiff points out that there are two cases involving Defendants currently pending before Judge Maloney, and asserts that those cases involve similar underlying facts. Plaintiff argues that those cases constitute cognate cases, and thus the instant case should be reassigned to Judge Maloney pursuant to Local Rule 3.3.2(c). Defendants disagree with Plaintiff's assertion that the underlying facts are sufficiently similar to constitute cognate cases, and further argue that reassignment would not result in a savings of judicial effort due to the different procedural postures of the cases.

Each of the cases pending before Judge Maloney is in a different stage of the litigation than the instant case. In *NorthStar Energy LLC v. Chesapeake Energy Corp, et al.*, No. 1:13-cv-200, Judge Maloney ruled on a motion to dismiss over six months ago, and discovery is well under way. In *Encana Oil & Gas, Inc. v. Zaremba Family Farms,* No. 1:12-cv-369, discovery has concluded, summary judgment motions have been filed, and trial is scheduled for February 2015. Thus, if this case were transferred, neither motion practice nor other proceedings could be consolidated. Because of the different procedural postures of the cases before Judge Maloney, reassigning the instant case would not advance the concerns of judicial economy underlying the rule on cognate cases. Moreover, transfer of the case would likely cause undue delay in these proceedings.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reassignment of Case (dkt. #23) is **DENIED**.


Dated: October 3, 2014                               /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE

2