UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THE TEN EYCK MINERAL TRUST,
BY C. ANDREW TEN EYCK, TRUSTEE

      Plaintiff,

v.                                       Case No. 1:14-CV-201

CHESAPEAKE ENERGY CORPORATION,
SILVER LAKE ENERGY, LLC, ENCANA
CORPORATION and ENCANA OIL &         HON. GORDON J. QUIST
GAS (USA) INC.,

      Defendants.
_____/

**ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION OR, IN THE ALTERNATIVE, FOR LEAVE
TO AMEND COMPLAINT**

      This Court previously granted Defendants' motions to dismiss Plaintiff's complaint in part and denied those motions in part. The Court deferred ruling on Plaintiff's fraud claim to allow Plaintiff to respond to a Michigan Supreme Court case raised at oral argument. Thereafter, Plaintiff filed a motion seeking reconsideration of the Court's order dismissing its contract claim and leave to amend its complaint to add allegations regarding its contract claim and add a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. Defendants Chesapeake Energy Corporation and Silver Lake Energy, LLC have opposed Plaintiff's motion.

**1.    Contract Claim**

      Plaintiff has moved for reconsideration of the Court's decision dismissing its contract claim. To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but [must] also show that a different

disposition of the case must result from a correction thereof."  *See* W.D. Mich. LCivR 7.4. "[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."  *Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

The Court dismissed Plaintiff's breach of contract claim because it was barred by the statute of frauds.  Plaintiff now argues —for the first time — that the statute of frauds defect did not appear on the face of the complaint, and thus did not form a proper basis for a motion under Rule 12(b)(6). "[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited."  *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009).  Plaintiff has not provided any excuse for failing to raise this argument previously.[1]  Accordingly, Plaintiff's argument that the statute of frauds defect did not form a proper basis for a motion to dismiss was forfeited.  *See Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 925-26 (6th Cir. 2013) (finding that the plaintiff forfeited its argument that a motion to dismiss could not be granted on the basis of an affirmative defense).[2]

Moreover, it is clear that Plaintiff cannot cure the statute of frauds defect by amending the complaint.  Plaintiff seeks to add the allegation that its counsel "had written authorization to negotiate and accept offers on Plaintiff's behalf."  (Dkt. #38-1 at Page ID#508, ¶ 119.)  However,

---

[1] If Plaintiff had raised this argument previously, the Court could have converted the motion to dismiss to one for summary judgment in order to avoid any potential problem.  *See* Fed. R. Civ. P. 12(d).  By waiting until after the Court's ruling on Defendants' motion to dismiss, Plaintiff essentially seeks two bites at the apple.

[2] Even if Plaintiff's argument were properly preserved, the Court would reject it.  A court may grant a motion to dismiss "if the claim shows on its face that relief is barred by an affirmative defense."  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).  Plaintiff's complaint asserts that Plaintiff, through counsel, accepted Chesapeake's offer, but does not allege that Plaintiff provided its counsel with written authorization to enter into a lease.  As such, Plaintiff's breach of contract claim shows on its face that relief is barred by the statue of frauds.  Moreover, because any relevant writings would be in Plaintiff's possession, it is not conceivable that discovery would reveal writings to satisfy the statute of frauds.  Thus, the decision in *Continental Identification Prods., Inc. v. EnterMarket, Corp.*, No. 1:07-CV-402, 2008 WL 51610 (W.D. Mich. Jan. 2, 2008), is inapposite.

Michigan law provides that lease contracts "shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease . . . is to be made, or by some person thereunto by him lawfully authorized in writing." M.C.L. § 566.108. Plaintiff's proposed amendment does not satisfy that requirement because it does not allege that Plaintiff authorized its counsel to sign the lease. Because the proposed amendment would not survive a motion to dismiss, it would be futile. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Accordingly, Plaintiff may not amend the contract claim.

**2.     Fraud Claim**

The Court previously deferred ruling on Defendants' motions to dismiss Plaintiff's fraud claim. Plaintiff has now filed a response addressing the decisions in *Cassidy v. Kraft-Phenix Cheese Corp.*, 285 Mich. 426, 280 N.W. 814 (1938), and *Taylor v. Hockman*, No. 288443, 2010 WL 3385997 (Mich. Ct. App. Aug. 24, 2010) (per curiam), Defendants have replied, and the matter is ripe for decision.

In *Cassidy*, the Michigan Supreme Court held that a plaintiff could not assert a fraud claim that was premised on an oral agreement that was barred by the statute of frauds. 285 Mich. at 434, 280 N.W. at 816. The court explained that the statute of frauds prohibits actions based indirectly on an oral contract, including an action for damages based on "fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it." *Id.* at 435, 280 N.W. at 817-18. Similarly, in *Taylor*, the Michigan Court of Appeals held that a plaintiff could not assert a fraud claim based on the allegation that the defendant induced the plaintiff to enter into an oral contract that was void under the statute of frauds. 2010 WL 3385997, at * 3. The court explained that "a fraud claim must not be dependent upon either direct or indirect enforcement of an oral contract that is voided under the statute of frauds." *Id.*

Plaintiff argues that *Cassidy* is distinguishable because it involved an oral agreement, and that *Taylor* is distinguishable because it involved an unfulfilled verbal promise to sign a contract. While the factual circumstances in those cases differ from those in the instant case, the reasoning behind the decisions in applicable. In this Court's judgment, the decision in *Cassidy* is not limited to purely oral agreements, but stands for the proposition that a plaintiff may not repackage a contract claim barred by the statute of frauds as a fraud claim. This reading is supported by the Michigan Court of Appeals' decision in *Johnson v. Villa Elizabeth-Butterworth, Inc.*, No. 228425, 2002 WL 31117019 (Mich. Ct. App. Sept. 24, 2002) (per curiam), which involved a written agreement that was never signed by the defendant. 2010 WL 3385997 at *1. The court explained that "[b]ecause the agreement is void [under the statute of frauds], it cannot support plaintiff's innocent misrepresentation claim." *Id.* at *3. Plaintiff's contract claim is barred by the statute of frauds, and Plaintiff may not avoid that bar by asserting the claim as one for fraud. Accordingly, Plaintiff's fraud claim fails.

**3.    RICO Claim**

Plaintiff seeks to amend its complaint to add a RICO claim. Defendants have opposed Plaintiff's request, arguing that amendment would be futile because such claim would be subject to dismissal. Plaintiff has requested that it be permitted to file a reply to Defendants' response, and Defendants have opposed that request unless they are given an opportunity to file a responsive brief addressing Plaintiff's arguments. Given the extensive briefing that has already been submitted in this case, the Court will permit Plaintiff a reply, but will not allow further briefing. The Court will defer ruling on Plaintiff's motion to amend its complaint to add the RICO claim until receipt of Plaintiff's brief.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Or, In the Alterative, for Leave to Amend Complaint (dkt. #37) is **DENIED in part**. The Court will not reconsider its decision to dismiss Plaintiff's contract claim, and will not permit Plaintiff to amend the breach of contract claim in its complaint. The Court will defer ruling on whether Plaintiff may amend its complaint to add a RICO claim.

**IT IS FURTHER ORDERED** that Plaintiff's fraud claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Reply (dkt. #43) is **GRANTED**. Plaintiff shall file a reply brief not to exceed ten (10) pages within 14 days of the date of this Order. The brief shall be limited to Plaintiff's proposed amendment to add RICO claim.

Dated: January 27, 2015           /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE